# Banks *v.* Pittsburg, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

*Railroads—Carriers—Negligence—Contract against negligence—Sleeping car porter.*

A railroad company on whose railroad a sleeping car company operates its cars, cannot by special contract with a porter employed by the sleeping car company exempt itself from the consequences of its own negligence.

Argued April 30, 1913. Appeal, No. 155, April T., 1913, by defendant, from judgment of C. P. Allegheny Co., Feb. T., 1911, No. 472, on verdict for plaintiff in case of William J. Banks v. Pittsburg, Cincinnati, Chicago & St. Louis Railway Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries by a sleeping car porter. Before CARNAHAN, J.

The company defended on the ground that the plaintiff had released the defendant from liability for injuries to himself, although suffered from defendant's negligence.

Verdict and judgment for plaintiff for $1,250. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Richard H. Hawkins,* of *Dalzell, Fisher & Hawkins,* with him *Howard T. Wilcoxen,* for appellant.

*J. Roy Dickie,* with him *William W. Wishart,* of *Wishart & Dickie,* for appellee.

PER CURIAM, October 20, 1913:

Upon the oral argument of the case it was stated by counsel that the identical question involved in the ap-

peal was involved in an appeal to the Supreme Court in the case of Coleman v. Penna. R. R. Co., appellant, No. 44, January Term, 1913.   On October 13 last the Supreme Court affirmed the judgment in that case for reasons which are equally decisive of the case before us.   Therefore, this judgment must be affirmed.

The judgment is affirmed.